UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GIANELLI,<br><br>   Plaintiff,<br><br> v.<br><br>HOME DEPOT INCORPORATED,<br><br>   Defendant. | No. 2:13-cv-1969 JAM CKD<br><br><br>ORDER |

  Defendant's motion to compel production of documents is pending before the court. Pursuant to the court's order, plaintiff has submitted unredacted documents for <u>in camera</u> review and a privilege log. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, <u>in camera</u> review of the documents in dispute, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

  Plaintiff belatedly served responsive documents and did not create a privilege log until ordered by the court to do so. Although the court does not approve of the dilatory conduct of plaintiff's counsel, in the circumstances of this case, the court declines to deem the delayed production of responsive documents to be a waiver of the attorney client privilege. <u>See generally Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.</u>, 408 F.3d 1142, 1149 (9th Cir. 2005) (although no <u>per se</u> waiver rule if privilege log not produced within thirty day time limit of Rule 34, court should consider degree to which objection or assertion of

1

privilege allows evaluation by court and opposing side of asserted privilege, timeliness of objection, magnitude of document production and other particular circumstances that make responding to discovery unusually easy or hard).  The redacted material has been properly withheld under the attorney client privilege.  The motion to compel further production will therefore be denied.  However, because plaintiff did not serve responses to the request for production of documents until after the motion to compel was filed, reasonable expenses will be awarded to defendant.  See Fed. R. Civ. P. 37(a)(5)(A).

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel further production of documents (ECF No. 12) is denied; and

2. Reasonable expenses are awarded to defendant in the amount of $1,012.50, said amount to be payable by plaintiff's counsel only.

Dated:  August 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 gianelli2.oah.icr