UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA L. GIANELLI, an individual,<br><br>              Plaintiff,<br><br>     v.<br><br>THE HOME DEPOT, INC.,<br><br>              Defendant. | No.  2:13-cv-01969-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |

Plaintiff Sheila Gianelli ("Plaintiff") moves the Court to reconsider (Doc. #19) the award of reasonable expenses to Defendant The Home Depot, Inc. ("Defendant") in the amount of $1,012.50.[1]  For the reasons that follow, the Court DENIES Plaintiff's request.

### I.   PROCEDURAL BACKGROUND

On June 25, 2014, Defendant filed a motion to compel responses to its requests for production of documents and

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 1, 2014.

1

1    requested the Court award sanctions (Doc. #12-1) under Federal
2    Rule of Civil Procedure 37.  The motion to compel was set for
3    hearing on July 30, 2014 before Magistrate Judge Carolyn K.
4    Delaney.  Plaintiff failed to file any response to the motion
5    (Doc. #13).  At the hearing, Plaintiff's counsel apologized for
6    his "lack of familiarity" with the practices of the Federal
7    District Court in the Eastern District of California.  Magistrate
8    Judge Delaney took the matter under submission and subsequently
9    ordered Plaintiff to submit unredacted copies of the documents
10   requested by Defendant for in camera review along with a
11   privilege log.
12       In her Order (Doc. #17), Magistrate Judge Delaney denied the
13   motion to compel further production of documents but awarded
14   reasonable expenses to Defendant in the amount of $1012.50 to be
15   payable by Plaintiff's counsel.  Magistrate Judge Delaney found
16   Plaintiff belatedly served responsive documents and did not
17   create a privilege log until ordered to do so by the Court.  The
18   order concluded:  "Although the court does not approve of the
19   dilatory conduct of plaintiff's counsel . . . the court declines
20   to deem the delayed production of responsive documents to be a
21   waiver of the attorney client privilege."  Magistrate Judge
22   Delaney ruled the reasonable expenses would still be awarded to
23   Defendant pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)
24   because Plaintiff did not serve responses to the request for
25   production of documents until after the motion to compel was
26   filed.
27       Plaintiff now requests this Court to reconsider this ruling.
28

        II.  OPINION

    A.   Motion for Reconsideration

    Plaintiff and her counsel do not think that the award of expenses is appropriate "given the Magistrate's denial of Defendant's motion and the attendant surrounding circumstances." Motion at p. 6.

    Federal Rule of Civil Procedure 37 ("Rule 37") governs failures to make disclosures or to cooperate in discovery.  Rule 37 provides:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>   (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A).

    Plaintiff's counsel argues that he did not file any response to the motion to compel for several reasons, all of which he argues amount to "excusable neglect," satisfying the exceptions in Rule 37(a)(5)(A)(ii)-(iii): (1) Plaintiff's counsel was "under the impression that an extension had been granted by Defendant's counsel"; (2) Plaintiff "felt that the Motion was void *ab initio*"; (3) Plaintiff's counsel was able to verbally rebut a discovery motion without having to formally respond in another

3

1  federal court; and (4) Plaintiff's counsel was "under the
2  impression that the Motion would be withdrawn."  Motion at pp. 6-
3  7.  Plaintiff requests reconsideration pursuant to Federal Rule
4  of Civil Procedure 72 ("Rule 72").  Motion at p. 3.

5  Eastern District of California Local Rule 303(c) provides
6  that a party seeking reconsideration of the Magistrate Judge's
7  ruling shall file a request for reconsideration by a District
8  Court Judge specifically designating the ruling and the basis for
9  the objection.  "Local Rule 303(a) incorporates the 'clearly
10 erroneous' or 'contrary to law' standard set forth in Federal
11 Rule of Civil Procedure 72(a)."  Green v. Chakotos, 1:11-CV-01611
12 LJO, 2014 WL 4986793, at *1 (E.D. Cal. 2014).  Rule 72(a)
13 provides:  "The district judge in the case must consider timely
14 objections and modify or set aside any part of the [magistrate
15 judge's] order that is clearly erroneous or is contrary to law."

16 "'A finding is "clearly erroneous" when although there is
17 evidence to support it, the reviewing [body] on the entire
18 evidence is left with the definite and firm conviction that a
19 mistake has been committed.'"  Concrete Pipe & Prods. of Cal.,
20 Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602,
21 622 (1993).  Such review is "significantly deferential."  Id. at
22 623.

23 Plaintiff has failed to point to any legal error that would
24 lead this court to believe that the Magistrate Judge's denial was
25 "clearly erroneous" or "contrary to law."  Despite Plaintiff's
26 misunderstandings, "impressions," and experience in other courts,
27 there is no basis for this Court to reconsider the award of
28 expenses given that the requested discovery was not provided

4

until after the motion to compel was filed.  See Rule 37(a)(5)(A).  The motion for reconsideration is DENIED.

   B.   Defendant's Request for Further Sanctions

Defendant requests further sanctions in the amount of $1125 pursuant to 28 U.S.C. § 1927 ("§1927") for "unreasonably and vexatiously" multiplying the proceedings and increasing the costs to Defendant.  Opposition at p. 6.  The Court denies Defendant's request.  Plaintiff's counsel has not engaged in bad faith conduct warranting sanctions under §1927 by filing this motion. See In re Keegan Mgmt. Co., Securities Litigation, 78 F.3d 431, 436 (9th Cir. 1996).

        III. ORDER

   For the reasons set forth above, the Court DENIES Plaintiff's motion for reconsideration and DENIES Defendant's request for further sanctions.

   IT IS SO ORDERED.

Dated: October 23, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5