UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GIANELLI, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>THE HOME DEPOT, INC.,<br><br>             Defendant. | No.  2:13-CV-01969-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT; AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE CERTAIN DOCUMENTS FROM THE DOCKET** |

Plaintiff Sheila Gianelli ("Gianelli") requests that the Court reconsider its order granting summary judgment ("Order") in favor of defendant The Home Depot, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 60(b).  Plaintiff further requests leave to amend her complaint under Rule 15(b). In opposition, Defendant requests that the Court strike several confidential documents from the docket.  For the reasons stated below, the Court denies Gianelli's motion for reconsideration, denies Gianelli's motion to amend, and grants in part Defendant's

///

///

1

motion to strike.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Gianelli filed this case on September 23, 2013. ECF No. 1. In count one, Gianelli alleged sex discrimination, hostile work environment, and retaliation in violation of Title VII. In count two, Gianelli alleged age discrimination, hostile work environment, and retaliation in violation of the Age Discrimination in Employment Act. In count three, Gianelli alleged sex, gender, gender expression, sexual orientation, and age discrimination hostile work environment, and retaliation in violation of the Fair Employment and Housing Act. Count four alleged intentional infliction of emotional distress and count five alleged negligent infliction of emotional distress.

Defendant sought summary judgment on all causes of action. ECF No. 39. Gianelli, through her counsel at the time, opposed the motion. ECF No. 43. After holding a hearing, the Court granted summary judgment in favor of Home Depot. ECF No. 52. Gianelli's counsel, with the consent of Gianelli, then filed a motion to withdraw as counsel. ECF No. 60. That motion was granted by the Court. ECF No. 73. Gianelli, acting in propia persona, submitted the pending motion for reconsideration of the Court's summary judgment order. ECF No. 64. Defendant opposed the motion. ECF No. 74. Gianelli filed a reply. ECF No. 81.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 23, 2016.

II.   OPINION

A.   Legal Standard

Rule 60(b) states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief.

Motions to amend or alter a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Such motions are considered to be an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) ("a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Additionally, Eastern District of California Local Rule ("Local Rule") 230(j) requires that, among other things, a party seeking reconsideration identify "what new or different facts or circumstances are claimed to exist which did not exist . . . upon such prior motion."

B.   Analysis

1.   Motion for Reconsideration

Gianelli argues that reconsideration is appropriate in this

3

case pursuant to Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," 60(b)(2) for newly discovered evidence, and Rule 60(b)(6) under a theory of attorney abandonment.  The Court will address each theory in turn.

      a. <u>Mistake, Inadvertence, Surprise, or Neglect</u>

 Gianelli's motion fails to address how this Court can grant reconsideration under Rule 60(b)(1).  While Gianelli cites evidence that she believes should have been submitted at the hearing that she believes would demonstrate her "extremely solid operational performance", she never specifically argues that the failure to present this evidence was the result of her or her counsel's mistake, inadvertence, surprise, or neglect.  For this reason alone, the Court can deny reconsideration under Rule 60(b)(1).

 Even if the Court assumes that Gianelli is arguing that her counsel's mistake, inadvertence, or neglect resulted in some evidence not being argued before the Court, reconsideration is still not warranted.  First, Gianelli's counsel represented Gianelli well, submitting a thorough and well-researched opposition memorandum, multiple declarations, and a request for judicial notice.  ECF Nos. 43-49.  Gianelli's counsel made a competent argument at the hearing on summary judgment.  ECF No. 58.  The Court reviewed the materials before it and concluded that summary judgment was appropriate as a matter of law. Gianelli's counsel's professional efforts to advocate for Gianelli do not amount to mistake, inadvertence, or neglect.

 Even if the Court assumed that Gianelli's counsel made a mistake or neglected Gianelli's interests, the Court would still

not grant reconsideration. "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992); Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 396 (1993) ("clients must be held accountable for the acts and omissions of their attorneys"). For all these reasons the Court therefore denies Gianelli's motion for reconsideration pursuant to Rule 60(b)(1).

### b. Newly Discovered Evidence

As discussed above, Gianelli cites to evidence that she believes should have been submitted in the opposition to Defendant's motion for summary judgment. But Gianelli does not contest that these pieces of evidence were undiscovered at the time that she opposed the motion for summary judgment. The failure to specify what evidence was newly discovered violates Local Rule 230(j). And all of the evidence discussed in Gianelli's motion and reply was available to Gianelli prior to the filing of her opposition to summary judgment. Since Rule 60(b)(2) requires that reconsideration be granted only if the newly discovered evidence, "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," reconsideration under Rule 60(b)(2) is not warranted.

### c. Attorney Abandonment

Finally, Gianelli argues that reconsideration should be granted pursuant to Rule 60(b)(6) and pursuant to the rule announced in Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012), that "gross negligence by counsel amounting to virtual

5

abandonment can be an 'extraordinary circumstance' that justifies vacating a default judgment pursuant to Rule 60(b)(6)." Gianelli argues that her counsel's decision to inform Gianelli that they would seek to withdraw from representing her after the motion for summary judgment was decided was a virtual abandonment that requires reconsideration of the Order. The Court disagrees.

There was no gross negligence by Gianelli's counsel in this case. As discussed above, Gianelli's counsel adequately and professionally represented Gianelli by filing a thorough memorandum, several declarations, and a request for judicial notice in opposition to the summary judgment motion. Gianelli's counsel also advocated for her during the hearing. Finally, Gianelli's counsel filed Gianelli's motion for reconsideration even after they withdrew because the Court had not yet granted their motion to withdraw. ECF No. 64, at 1 n.1. These circumstances are significantly different than those in which reconsideration has been granted on the basis of virtual abandonment. See, e.g., Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002) (finding that the attorney virtually abandoned his client when he failed to proceed with the client's defense despite court orders to do so). For these reasons, the Court denies the motion for reconsideration under Rule 60(b)(6).

2. Motion to Amend

Gianelli requests permission pursuant to Rule 15 to amend her complaint to include a cause of action for breach of a written contract. The Court cannot permit an amendment to the complaint after the Court has dismissed the case and entered judgment. Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996)

("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened."). Since the Court has not reopened judgment, Gianelli cannot amend her complaint, and her motion to amend is denied.

### 3. Motion to Strike

Finally, Defendant asks this Court to strike Exhibits D-Q from Gianelli's declaration in support of her motion for reconsideration. ECF No. 77, at 1. Defendant argues that these documents are marked "CONFIDENTIAL" and subject to a Protective Order entered into by Gianelli and Defendant. Id. at 1-2. Pursuant to this Protective Order, Gianelli agreed to notify Defendant if she intended to submit documents marked "CONFIDENTIAL" to permit Defendant to determine whether to request to seal documents pursuant to Local Rule 141. Gianelli points out that Exhibits E and N-Q are not marked "CONFIDENTIAL." ECF No. 82, at 1. She states that she was unaware of the Protective Order and requests "the court file those exhibits under seal as required by the Stipulated Protective Order." Id.

Gianelli is correct that Exhibits E and N-Q are not marked "CONFIDENTIAL" and are therefore not subject to the Protective Order. As for the exhibits marked "CONFIDENTIAL," the Court has not received any formal motion to file the documents under seal. Since Gianelli concedes that she did not abide by the Protective Order, the Court grants in part Defendant's motion and orders that the Clerk strike from the record and remove from PACER/ECF exhibits D and F through M attached to Gianelli's declaration in support of her motion for reconsideration.

///

7

III. ORDER

For the reasons set forth above, the Court DENIES Gianelli's motion for reconsideration, DENIES Gianelli's motion to amend her complaint, and GRANTS Defendant's motion to strike from the record and remove from PACER/ECF Exhibits D and F through M attached to Gianelli's declaration in support of her motion for reconsideration.

IT IS SO ORDERED.

Dated: August 22, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE